IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) v. ) ) | COMPLAINT |
| HYUNDAI IDEAL ELECTRIC COMPANY ) ) | |
| Defendant. ) _____) | JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("the EPA"), Section 15(a)(3) of the Fair Labor Standards Act ("the FLSA"), and Title VII of the Civil Rights Act of 1964 (as amended) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices, specifically the sex based wage discrimination against Tabatha Wagner, an experienced female drafter, and her retaliatory discharge as a result of her complaints about Hyundai's payment of wages to female employees at rates less than the rates paid to male employees, and to provide appropriate relief for Tabatha Wagner as a result of such unlawful practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (the "ADA"), Sections 16(b) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Sections 216(b) and 217, to enforce the requirements of the Equal Pay Act of

1963, codified as Section 6(d) of the FLSA, 29 U.S.C. Section 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ,as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and Title I of the ADA and is expressly authorized to bring this action by Sections 16(b) and 17 of the FLSA, 29 U.S.C. Sections 216(b) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; Section 107(a) of the ADA; 42 U.S.C. Section 12117(a); and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Hyundai Electric Company, ("Defendant "Employer"), has continuously been a Delaware corporation, doing business in the State of Ohio and the City of Mansfield, and has continuously employed at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d).

7. At all relevant times Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. Sections 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Tabatha Wagner filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit has been fulfilled.

9. Since at least August 1, 2007, Defendant Employer has violated Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2, by paying lower wages to Tabatha Wagner, a female drafter, than those paid to her male coworker in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

10. Since at least November 12, 2008, Defendant Employer has engaged in unlawful retaliation at its Mansfield, Ohio facility, in violation of Section 704(a) of Title

VII, 42 U.S.C. Section 2000e-3 (a), when it terminated Tabatha Wagner's employment as a result of her opposing its sex-based pay practices. Specifically, Wagner questioned Defendant Employer's sex-based pay and requested that the sex-based pay differential be corrected. Immediately thereafter, Defendant Employer terminated her.

11. The effect of the practices complained of in paragraphs 9 and 10 above has been to deprive Tabatha Wagner of equal employment opportunities and otherwise adversely affect her status as an employee because of sex in violation of Section 706 of Title VII, 42 U.S.C. Section 2000e-2 and because she engaged in protected activity, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a).

12. The unlawful employment practices complained of in paragraphs 9 and 10 above were and are intentional.

13. The unlawful employment practices complained of in paragraphs 9 and 10 above were done with malice or with reckless indifference to the federally protected rights of Tabatha Wagner.

## STATEMENT OF FAIR LABOR STANDARDS ACT CLAIM

14. Since at least August 1, 2007, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) at its Mansfield, Ohio facility, by paying lower wages to Tabatha Wagner, a female drafter, than those paid to her male coworker in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

15. Since at least November 12, 2008, Defendant Employer has violated Section 15(a)(3) of the FLSA, 29 U.S.C. Section 215 (a)(3), by discharging Tabatha

Wagner, in retaliation for complaining about Defendant Employer's sex-based unequal compensation paid to a male drafter and Wagner.

16. As a result of the acts complained of above, Defendant Employer has unlawfully withheld and is continuing to withhold the payment of wages due to Tabatha Wagner.

17. The unlawful practice complained of in paragraphs 14 and 15 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in retaliation and in any other employment practice which discriminates on the basis of an employee's protected activity.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating within its establishment between employees on the basis of protected activity, by terminating or threatening to terminate employees who make inquiries under the Equal Pay Act regarding the wages the Defendant Employer pays to employees of the opposite sex and terminating them, or in any manner discriminating against such employees.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Tabatha Wagner by providing appropriate back pay with prejudgment interest, in amounts to b proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful retaliation against Tabatha Wagner, including reinstatement to job.

E. Order Defendant Employer to make whole Tabatha Wagner by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 9, 10, 14, and 15 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Tabatha Wagner by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 9, 10, 14, and 15 above, in amounts to be determined at trial.

G. Grant a judgment requiring Defendant Employer to pay Tabatha Wagner punitive damages for its malicious and/or reckless conduct described in paragraphs 9 and 10 above, in amounts to be determined at trial.

H. Grant a judgment requiring Defendant Employer to pay appropriate lost wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Tabatha Wagner whose wages are being withheld as a result of the retaliatory acts complained of above in paragraphs 14 and 15 above.

I. Grant such further relief as this Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

        Respectfully Submitted,

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        P. DAVID. LOPEZ
        GENERAL COUNSEL

        JAMES L. LEE
        DEPUTY GENEERAL COUNSEL

        GWENDOLYN YOUNG REAMS
        ASSOCIATE GENERAL COUNSEL
        Washington, D.C. 20507

        DEBRA M. LAWRENCE
        REGIONAL ATTORNEY
        Philadelphia District Office
        Philadelphia, PA  19106

        /s/ Lawrence Mays
        Lawrence Mays (0038288)
        Senior Trial Attorney

        Cleveland Field Office
        AJC Federal Building
        1240 East Ninth Street, Suite 3001
        Cleveland, Ohio  44199
        (216)  522-4796
        (216)  522-7430  fax
        Lawrence.Mays@eeoc.gov